UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-61723-Civ-Cohn/Seltzer

THOMAS S. ROSS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

### ORDER GRANTING MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS
### ORDER GRANTING IN PART MOTION TO VACATE ORDER SETTING SCHEDULING CONFERENCE

THIS CAUSE is before the Court upon Defendant's Motion to Vacate Order Setting Scheduling Conference and to Establish Summary Judgment Briefing Schedule [DE 26], Plaintiff's Motion to Extend Time to Respond to Defendant's Motion to Dismiss [DE 27] and Plaintiff's Motion to Continue Order Setting Scheduling Conference [DE 28].  The Court has carefully considered the motions and Plaintiff's Response to Defendant's Motion [DE 29], and is otherwise duly advised in the premises.

I.  MOTION FOR EXTENSION OF TIME

Plaintiff filed a motion on March 28, 2008[1] seeking a 30 day extension of time to respond to Defendant's Motion to Dismiss.   Plaintiff's deadline to respond was April 3, 2008.  The Court did not immediately act on Plaintiff's motion because there was no

---

[1] The filing date is the date that the motion is received by the Court, not the date Plaintiff mails the document.   Plaintiff is correct that pro se litigants are unable to file documents electronically, and this does unfortunately leave pro se litigants at a slight procedural disadvantage.  Nonetheless, the rules are clear that unless one is incarcerated, the filing date is the date the document is received, not mailed.  This rule will apply to all future filings and deadlines in this case.

certification pursuant to Local Rule 7.1.A.3 that Plaintiff had conferred with counsel for Defendant to ascertain Defendant's position on the motion.[2] When a motion is filed with a certification that the opposing side does not object to the relief requested, the motions are typically granted within 24 hours of receipt by the Court. However, as in this case, in the absence of such a certification, the Court typically must wait a period of time to allow the opposing side to respond to the motion.

Of course, even if a motion is not agreed to by the opposing side, the Court may grant the requested relief anyway. In order to move this case along, given Plaintiff's pro se status and the dispositive nature of Defendant's motion, the Court will depart from the normal practice and grant Plaintiff the full relief requested without waiting for a response from Defendant. Plaintiff's response shall be due May 5, 2008 (meaning it must be received by the Clerk of Court on or before that day). In the future all motions, unless excluded by the Rule, must comply with Local Rule 7.1.A.3.[3]

## II. MOTION TO VACATE SCHEDULING CONFERENCE

Defendant has moved for this Court to vacate the Order Setting Scheduling Conference before the Magistrate Judge. Plaintiff does not oppose continuing the scheduling conference, but does oppose Defendant's contention that the reason for not having a scheduling conference is that only an administrative review of the Patent

---

[2] All litigants, whether pro se or represented by counsel, must comply with all the Local Rules, available on the Court's website, www.flsd.uscourts.gov. The Court strongly recommends that Plaintiff review these rules, as well as the Federal Rules of Civil Procedure.

[3] The parties' "conference" can be by telephone, email or exchange of facsimiles.

Office decision is allowed by this Court.  At this point, the Court will grant the motion in part, in that it does make sense for the Court to first resolve the dispositive motion to dismiss before the parties' appear for a scheduling conference.  The Court will defer ruling upon Defendants' motion to simply establish a summary judgment briefing schedule until after resolution of the motion to dismiss.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Extend Time to Respond to Defendant's Motion to Dismiss [DE 27] is hereby **GRANTED**.  The response shall be due May 5, 2008;

2. Defendant's Motion to Vacate Order Setting Scheduling Conference and to Establish Summary Judgment Briefing Schedule [DE 26] is hereby **GRANTED** in part;

3. Plaintiff's Motion to Continue Order Setting Scheduling Conference [DE 28] is hereby **GRANTED**;

4. The Order Setting Scheduling Conference [DE 20] is hereby **VACATED**, with this Court to reevaluate the need for a scheduling conference after resolution of the motion to dismiss

**DONE AND ORDERED** in chambers in Fort Lauderdale, Broward County, Florida, this 3rd day of April, 2008.

JAMES I. COHN
United States District Judge

cc:   Thomas Ross, pro se
      2327 SW 132nd Terr.
      Miramar, FL 33027

      AUSA David Mellinger